Submitted February 10, reversed March 26, 2014

In the Matter of B. J. B.,
Alleged to be a Mentally Ill Person.
STATE OF OREGON,
*Respondent,*

*v.*

B. J. B.,
*Appellant.*

Josephine County Circuit Court
13M0039; A155162

322 P3d 1162

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Sarah M. Villanueva, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

In his appeal, appellant challenges his committment as a mentally ill person, for a period not to exceed 180 days, on the ground that, due to a mental disorder, he is dangerous to others. ORS 426.005(1)(e) (2011), *amended by* Or Laws 2013, ch 360, § 15. He contends, in an unpreserved assignment of error, that the trial court erred in failing to inform him of the possible results of the proceedings and of his right to subpoena witnesses, as required by ORS 426.100(1)(c) and (d) (2011), *amended by* Or Laws 2013, ch 360, § 24. In his second assignment of error, he contends that the record lacks clear and convincing evidence that he had a mental disorder that caused him to be a danger to others. The state concedes that it was plain error for the trial court not to advise appellant of his right to subpoena witnesses and that the error requires reversal. We agree, accept the state's concession, and exercise our discretion to correct the error Accordingly, we reverse. *See, e. g., State v. M. L. R.*, 256 Or App 566, 303 P3d 954 (2013) (reversing as plain error trial court's failure to advise alleged mentally ill person of the right to subpoena witnesses). That disposition obviates the need to address appellant's other arguments.

Reversed.